## NEW YORK COMMON PLEAS.

DENMARK P. COLLINS and another agt. GEORGE F. DREW and·LOUIS BUCKI, appellants, impleaded with the OCEANIC STEAM NAVIGATION COMPANY and others, respondents.

*Mechanic's lien—for work and materials furnished on piers, &c.—time of filing.*

A mechanic's notice of lien for work done or materials furnished for structures on piers and bulk-heads in the city of New York, must be filed within *thirty days* from the time the work is finished or materials furnished, as provided by the act of 1872.

*General Term, December,* 1875.

*Before* DALY, *C. J.,* LOEW *and* J. F. DALY, *JJ.*

APPEAL from a judgment entered on the report of the Hon. J. S. Bosworth, referee.

*J. H. & B. F. Watson,* for appellants Drew and Bucki.

*Tunis G. Bergen, Jr.,* for respondent South Brooklyn Saw Mill Company.

*Hugh Porter,* for respondent Davis.

*Robert W. Todd,* for respondents Collignon.

LOEW, *J.* — This action was brought to foreclose a mechanic's lien filed by the plaintiffs against piers Nos. 51 and 52 North river, in the city of New York, belonging to

the Oceanic Steam Navigation Company, for materials furnished toward constructing or repairing the said piers and the structures connected therewith, in pursuance of a contract made by the said steamship company with one William H. Wood, as contractor. The defendants Drew and Bucki also furnished materials, amounting to $2,295.93, toward erecting, or altering, the sheds or structures upon said piers, pursuant to said contract, for which they claimed to have a lien upon the said premises. The defendant the Oceanic Steam Navigation Company acknowledged, and the referee reported, that at the time of the commencement of this action there was a balance of $5,609.58 due and owing from the said owner, the Oceanic Navigation Company, to Wood, the contractor, for the work and labor performed and materials furnished under said contract. He further reported, that out of the said fund, or indebtedness, the plaintiffs and several of the defendants be paid the amounts of their respective liens, with costs, in accordance with their rights and priorities under the lien act. But he held that the defendants Drew and Bucki had no claim upon, and were not entitled to, any part of said fund, on the ground that they had never acquired a valid lien, because their lien notices were not filed within the statutory time allowed for that purpose. From the judgment entered up in accordance with the referee's report, the defendants Drew and Bucki brought this appeal.

Section 1 of the mechanics' lien act of 1863 (*Laws of 1863, chap.* 500) provides that a person performing labor or furnishing materials toward erecting, altering or repairing any building in the city of New York, in pursuance of a contract with, or employment by, the owner thereof, shall, on complying with the sixth section of said act, have a lien upon such building and the lot on which the same shall stand, to the full value of his claim or demand. The sixth section declares that the notice of lien may be filed at any time before the whole work is completed, and within three months after the work is done or materials furnished, for which a lien

is sought. By section 1, chapter 669, of the Laws of 1872, it was enacted as follows: " All the provisions of the laws relating to mechanics' liens heretofore passed shall apply to wharves, piers, bulk-heads and bridges, and materials furnished therefor, and labor performed in constructing said wharves, piers, bulk-heads and bridges, and other structures connected therewith, and the time within which said liens may be filed shall be thirty days from the time when the last work shall have been performed on said wharves, piers, bulk-heads and bridges, and structures connected therewith, or the time from which said materials shall have been delivered."

It will thus be seen that the act of 1872 extends the benefits of the lien law of 1863 to new property, but limits the time within which the notice of lien must be filed to thirty days after the last work has been performed or materials furnished, instead of three months.

It is claimed, however, on the part of the appellants in this case, that inasmuch as the structures or sheds, toward the erection of which they furnished materials, may properly be called " buildings," they had, under the provisions of the act of 1863, three months within which to file their notice of lien, and that the words " structures connected therewith," in the act of 1872, should be construed to mean only appendages to a pier or wharf, such as stairs, gangway, &c.

To this construction I cannot give my assent. The term " structure " unquestionably includes or comprehends a building. The legislature must, therefore, I think, be deemed to have regarded work performed or materials furnished in erecting, altering or repairing structures or buildings connected with piers, wharves and bulk-heads as not coming within the provisions of the act of 1863, as originally enacted, whatever construction might have been given to said act by the courts, if the act of 1872 had not been passed. But whether this or some other reason influenced the law-makers, it seems clear to me that the act of 1872 must be held to have

Collins agt. Drew.

amended the act of 1863 as regards the time within which liens upon buildings of that description may be obtained.

In the case at bar the sheds, or structures, toward the erection of which the appellants furnished materials, were built wholly upon the piers and were to be used as offices for the employes of the company. If, therefore, the views of the appellants' counsel were correct, it would necessarily follow that the persons who performed labor or furnished materials in making the alterations and repairs on the piers, were bound to file their notices of liens within thirty days; while those who like the appellants at the same time performed labor or furnished material toward erecting or altering the buildings or structures thereon, and immediately connected therewith, would have three months within which to file their lien notices. I am persuaded that such was not the intention of the legislature, and I think the act of 1872 should not be so construed.

It follows that the appellants, by reason of not having filed their notice of lien within the thirty days prescribed by the last mentioned act, never acquired a valid and subsisting lien, and that the judgment appealed from should be affirmed, with costs.

DALY, Ch. J., and J. F. DALY, J., concurred.